**Gregory SCHMIDT, Plaintiff–Appellant,**

v.

**KING COUNTY; et al., Defendants–Appellees.**

No. 02–35600.
D.C. No. CV–01–01397–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gregory Schmidt appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action, which alleged constitutional and common law torts arising from an arrest for domestic violence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Arpin v. Santa Clara County Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001), and we affirm.

The district court properly granted defendant Young summary judgment on the malicious prosecution claim because Young was entitled to absolute immunity. *See Kalina v. Fletcher,* 522 U.S. 118, 124–26, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (prosecutor entitled to absolute immunity for actions taken while acting within the scope of her duties preparing for the initiation of judicial proceedings or for trial).

The district court properly granted summary judgment to defendants on the claim of outrage because Schmidt failed to provide evidence of sufficiently extreme actions. *See Grimsby v. Samson,* 85 Wash.2d 52, 530 P.2d 291, 295 (Wash.1975).

The district court properly granted summary judgment on Schmidt's negligence claim because the defendants had reasonable grounds for the arrest. *See Donaldson v. City of Seattle,* 65 Wash.App. 661, 831 P.2d 1098, 1103 (Wash.Ct.App.1992).

The district court properly granted summary judgment to defendants on the unlawful arrest claim because there was probable cause for the arrest, *see Bailey v. Newland,* 263 F.3d 1022, 1031 (9th Cir. 2001), and therefore no constitutional right could have been violated, *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The district court properly granted defendants summary judgment on Schmidt's equal protection claim because Schmidt failed to provide evidence demonstrating discriminatory purpose. *See Pers. Adm'r of Massachusetts v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Schmidt's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.